

225 Broadway, Suite 1405
New York, New York 10007
T: (212) 385 0066  F: (212) 385 2117
www.dsblawny.com

William J. Dealy (1946–2012)
Milo Silberstein
Marc D. Braverman
Laurence J. Lebowitz

Winsome Taik*
Maria Louisa Bianco
Amanda E. Maguire

Jack Weinberg
Of Counsel
*Also admitted in NJ

November 17, 2015

**VIA ECF AND**
**FACSIMILE-(914) 390-4179**

Hon. Nelson S. Román
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

> **Re:** **Jessica Tuman and Daniel Kurtz v. VL GEM LLC, et al.**
> **SDNY Case No. 15-CV-07801-NSR**

Dear Judge Román:

This firm represents VL GEM LLC, GEM Management Partners LLC, George Nukho, and Michael Nukho (collectively "Defendants"), the Defendants in the referenced matter.  In accordance with Your Honor's Individual Motion Practices and Rules, we submit this letter to request a pre-motion conference with the Court to seek permission to file a Rule 12 motion to dismiss.  In advance of submitting this request, I contacted James Bahamonde, Esq., attorney for Plaintiffs Jessica Tuman and Daniel Kurtz (collectively, "Plaintiffs"), to allow him an opportunity to withdraw this Complaint prior to my seeking the Court's intervention.

The Complaint filed by Plaintiffs is frivolous, has no basis in law or in fact and is a waste of this Court's resources.  Plaintiff Jessica Tuman submitted to Defendants an unsubstantiated doctor's letter from an internist, stating her anxiety would be greatly alleviated if she were able to have a companion dog.  That internist has since disavowed the letter in writing and stated that he cannot verify Ms. Tuman's medical need for a companion dog.  Accordingly, Plaintiffs have failed to state a claim for which relief can be granted.

Relevant Facts

Plaintiffs commenced this action for violations of the Fair Housing Act ("FHA"), 42 USC § 3604 and § 3617, as well as violations of the New York State and Westchester Human Rights Laws based upon Defendants alleged unlawful discrimination and retaliation related to Ms. Tuman's request to adopt an emotional support dog.

Ms. Tuman provided Defendants with a letter from a Dr. Emilio Biagiotti stating that she should be allowed to have a dog to alleviate anxiety caused by alleged post-traumatic stress syndrome. Defendants told Ms. Tuman they would look into her request and get back to her as soon as possible, but that she should not get a dog while they reviewed her request for an accommodation. Ms. Tuman proceeded to get a dog anyway.

When Defendant George Nukho contacted the doctor to verify Ms. Tuman's need for a dog as an accommodation to her lease, Dr. Biagiotti rescinded the letter and stated that he could not verify that Ms. Tuman has a medical necessity for a companion dog, and that he would recommend other options including medication and psychotherapy prior to a companion dog. Additionally, Ms. Tuman remains in her apartment with the dog and has sustained no actionable damages.

Proposed Motion to Dismiss

Plaintiffs have failed to allege facts sufficient to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To withstand a motion to dismiss pursuant to Fed. Rule Civ. P. 12(b)(6), a complaint must plead facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

Plaintiffs have alleged four (4) causes of action: (1) violations of the FHA, 42 USC § 3604 *et seq.*; (2) violations of the FHA, 42 USC § 3617 *et seq.*; (3) violations of the New York State Human Rights Law; and (4) violations of the Westchester County Human Rights Law.

The Complaint lacks factual material to establish that Ms. Tuman qualified as a member of a protected class based upon her alleged disability under the FHA. Plaintiff Jessica Tuman has failed to allege that her alleged Posttraumatic Stress Disorder (PTSD) interferes with a major life activity, which is required to state a cause of action for retaliation or discrimination under the FHA. The Complaint also fails to identify which major life activity is impacted by Ms. Tuman's alleged disability. *See Ayyad-Ramallo v. Marine Terrace Associates* LLC, 2014 WL 2993448 at *4 (E.D.N.Y. 2014). Additionally, Plaintiffs' complaint also fails to allege with sufficient particularity how an emotional support dog would be necessary to afford Ms. Tuman an equal opportunity to use and enjoy her apartment.

The same elements required to state a claim under the FHA are required under the New York State Human Rights Law and Westchester Human Rights Law. *Johnson v. Levy*, 812

F.Supp.2d 167 (E.D.N.Y. 2011), *see also Echeverria v. Krystie Manor, LP,* NO. 07-CV-1369, 2009 WL 857629, at *9 (E.D.N.Y. 2009)("The elements of a claim under the NYHRL are the same as under the Fair Housing Act"). The definition of disability under the Westchester County Human Rights Law is identical. Accordingly, Plaintiffs have failed to state a cause of action under the New York State Human Rights Law and Westchester Human Rights Law.

Currently, Ms. Tuman remains in her apartment with the dog. While Ms. Tuman is in direct violation of her lease, Defendants have taken no further steps to proceed with an eviction. Accordingly, and in addition to the foregoing, Plaintiff Jessica Tuman has sustained no damages.

Rule 11

By letter dated November 10, 2015, this firm provided a safe harbor to Mr. Bahamonde informing him that Dr. Biagiotti had retracted the letter stating that Ms. Tuman needed a reasonable accommodation and that based upon that retraction, there had been no violation of Ms. Tuman's rights. No response has been received. This letter requested that Plaintiffs withdraw this frivolous Complaint and informed Mr. Bahamonde that if the Complaint was not dismissed, Defendants would seek permission to file a Motion to Dismiss. While the twenty-one (21) days to seek the imposition of Rule 11 sanctions against Mr. Bahamonde and his clients has not expired, we wanted to advise the Court that we cautioned Plaintiffs and their counsel that Dr. Biagiotti's letter had been retracted, leaving Plaintiffs with no basis for their claims. As the Second Circuit has held, under Rule 11, "an attorney has an affirmative duty to make reasonable inquiry into the facts and the law." *Perez v. Posse Comitatus,* 373 F.3d 321, 324 (2d Cir. 2004)(internal citations omitted). The Second Circuit has affirmed sanctions awards when faced with false and misleading statements. *See e.g. Margo v. Weiss,* 213 F.3d 55, 65 (2d Cir. 2000), *see also In re Australia & New Zealand Banking Grp. Ltd. Sec. Litig.,* 712 F.Supp. 2d 255, 269 (SDNY 2010)(awarding sanctions under Rule 11(c)); *In re September 11th Liab. Ins. Coverage Cases,* 243 FRD 114,128 (S.D.N.Y. 2007).

Conclusion

Based upon the foregoing, it is respectfully requested that the Court schedule a pre-motion conference in connection with the Defendants' proposed Motion to Dismiss.

Respectfully Submitted,

Milo Silberstein

MS/mlb
cc: James Bahamonde, Esq.

3